# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RUTH A. MILLER,

    Plaintiff,

v.                                                  Case No. 8:17-cv-1470-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## AMENDED ORDER[1]

Ruth Miller moves for an attorney's fees award under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 24). The Commissioner does not oppose Ms. Miller's motion. (*Id.* at 1). Ms. Miller requests $5,895 in attorney's fees for work her attorney Erik Berger performed and $400 in costs incurred because of filing the complaint. (*Id.* at 1, 4).

The EAJA allows courts to award reasonable attorney's fees to a prevailing party against the United States. 28 U.S.C. § 2412. But the prevailing party must move for attorney's fees within thirty days of final judgment. § 2412(d)(1)(B).

On September 11, 2018, the court reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further

---

[1] The January 14th order awarded $5,985.00 in attorneys fees under the EAJA. (Doc. 25). Counsel, however, requested $5,895.00 in attorney's fees. (Doc. 24). Therefore, the only change between this order and the January 14th order is the language awarding counsel $5,895.00 in attorney's fees.

1

administrative proceedings. (Doc. 21). The Clerk entered judgment in Ms. Miller's favor the next day—September 12th. (Doc. 22).

The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day period to appeal Ms. Miller's judgment expired November 12, 2018, at which point judgment became final. So, Ms. Miller's deadline to move for attorney's fees under the EAJA was December 13, 2018—thirty days after November 12th. But Ms. Miller moved for attorney's fees on January 9, 2019—twenty-seven days after her deadline.

The time limit to apply for attorney's fees under the EAJA is not jurisdictional. *Scarborough v. Principi*, 541 U.S. 401, 415 (2004). As a result, a court can grant an untimely motion for attorney's fees under the EAJA consistent with the doctrine of equitable tolling. *Cruz v. Berryhill*, No. 16-21307-CIV-MOORE/MCALILEY, ___F. Supp. 3d___, 2018 WL 6009655, at *5 (S.D. Fla. Oct. 16, 2018). Equitable tolling is the court's discretionary extension of a deadline because of "extraordinary circumstances that prevented one from complying despite reasonable diligence throughout the period before the deadline passed." *Black's Law Dictionary*, 656 (10th ed. 2014); *see also* Carolyn A. Kubitschek & Jon C. Dubin, *Social Security Disability: Law and Procedure in Federal Court* § 10:29 (2017) (stating courts can extend the time limit to apply for attorney's fees under the EAJA) (footnote omitted).

Ms. Miller 's counsel states he missed the deadline to move for attorney's fees under the EAJA because of "a clerical error." (Doc. 23, p. 1). Equitable tolling is

2

usually applied when the party seeking its application could not meet the deadline at issue because of circumstances outside the party's control. *See In re Withrow*, 570 B.R. 452, 458 (Bankr. N.D. Ga. 2017) (discussing how federal courts rarely apply equitable tolling). The court is therefore hesitant to apply equitable tolling simply because of "a clerical error."

That said, the Commissioner does not oppose Ms. Miller's untimely motion for attorney's fees under the EAJA. (Doc. 23, p. 1; Doc. 24, p. 1). A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). The court, therefore, will award Ms. Miller attorney's fees under the EAJA because the Commissioner does not oppose Ms. Miller's untimely motion.

Because of her lack of opposition, the Commissioner does not contest the following: Ms. Miller is the prevailing party; Ms. Miller's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Miller's attorney's fees request is reasonable. Ms. Miller therefore meets the requirements for an attorney's fees award under the EAJA.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will

determine whether Ms. Miller owes a debt to the United States. Ms. Miller also assigned her rights to EAJA fees to her attorneys. (Doc. 24-1). So, if Ms. Miller has no federal debt, the United States will accept Ms. Miller's assignment of EAJA fees and pay the fees directly to her counsel.

The following is therefore **ORDERED**:

1. Ms. Miller's motion to file an out-of-time motion for attorney's fees under the EAJA (Doc. 23) is **GRANTED**.

2. Ms. Miller's motion for attorney's fees under the EAJA (Doc. 24) is **GRANTED**.

3. Ms. Miller is awarded **$5,895.00** in attorney's fees under the EAJA.

4. Ms. Miller is awarded **$400.00** in costs under the EAJA.

**ENTERED** in Tampa, Florida, on April 12, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge